Filed 7/26/24  P. v. Williamson CA4/2
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083137 |
| v. | (Super. Ct. No. FSB051614) |
| ALVIN WILLIAMSON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### I.

### INTRODUCTION

Defendant and appellant Alvin Williamson, Jr. appeals the trial court's postjudgment order denying his petition for resentencing of his first degree murder

1

conviction (Pen. Code,[1] § 187, subd. (a)) under section 1172.6 (formerly § 1170.95).

Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14

Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the

record. In addition, defendant has had an opportunity to file a supplemental brief with

this court and has done so. After considering the arguments raised in defendant's

supplemental brief, and exercising our discretion to conduct an independent review of the

record, we affirm the trial court's potsjudgment order summarily denying defendant's

section 1172.6 petition. (*Delgadillo*, *supra*, at pp. 231-232.)

## II.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 2, 2005, the victim and Tony Kilgore got into a fight on the patio of an

apartment. They fought for a few minutes and then the victim left. The victim was a

member of the "Tre 57" gang, which is part of a "Crip set" out of Pomona, also known as

the "357" gang. As the victim was walking away from the fight, he told Kilgore, "F——

South Ridge, n—a. This is Pomona pimpin'." (*Williamson I*, *supra*, E048092.)

Defendant was standing about five feet away from the victim when the victim

made the above statement. The victim started walking to his car, when defendant

---

[1]  All future statutory references are to the Penal Code.

[2]  A summary of the factual background and part of the procedural background is taken from this court's prior nonpublished opinion in defendant's direct appeal, case No. E048092, which is found in the clerk's transcript of the present appeal. (*People v. Williamson, Jr.* (Sept. 13, 2010, E048092 [nonpub. opn.] (*Williamson I*).)

confronted him and said something to the effect of, "You have four seconds to get out of here. If you don't get out of here, I'm going to kill you. I'm going to shoot at you." (*Williamson I*, *supra*, E048092.) The victim said, "No. I live in this apartment." (*Ibid*.) As the victim walked toward the apartment, defendant pulled out a gun and started shooting. The victim ran through the apartment, and defendant chased him. The victim went out the bedroom window, and defendant followed him. Defendant shot the victim, and the victim dropped to the ground. (*Williamson I*, *supra*, E048092.)

The evidence showed that defendant admitted he was an active member of the "456 Pomona Blood" gang in July 2005. (*Williamson I*, *supra*, E048092.) At trial, defendant testified that he was not an active gang member at the time of the shooting in August 2005, but acknowledged having gang tattoos and a gun in his pocket on the day of the shooting. Defendant admitted that he knew the victim was a member of the "357" or "Tre 57" gang. (*Williamson I*, *supra*, E048092.) He claimed that the victim took a swing at him during the altercation and stated that he would be back to "smoke" defendant. (*Williamson I*, *supra*, E048092.) Defendant next saw the victim on the patio. Then he heard two shots fired. Defendant drew his gun and fired a shot in the direction he heard the shots coming from. Defendant then went into the apartment and fired another shot in the bedroom. Defendant ran out of the apartment, but did not call the police. At trial, defendant testified that he believed the incident had something "to do with a gang or what gang [he was] from." (*Williamson I*, *supra*, E048092.)

3

A jury found defendant guilty of first degree murder (§ 187, subd. (a).) The jury also found true the allegations that defendant committed the murder for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(B)), and that he personally and intentionally used and discharged a firearm, causing great bodily injury or death (§ 12022.53, subds. (b), (c), (d)). (*Williamson I*, *supra*, E048092.) The trial court sentenced defendant to 25 years to life on the murder conviction, a consecutive 25-year-to-life term on section 12022.53, subdivision (d), gun enhancement, and a consecutive five-year term on the gang enhancement (§ 186.22, subd. (b)(1)(B)). (*Williamson I*, *supra*, E048092.)

Defendant subsequently appealed, arguing there was insufficient evidence to support the true finding on the gang enhancement, and the court abused its discretion in admitting evidence of defendant's gang moniker. We affirmed defendant's judgment on September 13, 2010, in case No. E048092. (*Williamson I*, *supra*, E048092.)

On August 3, 2023, defendant in pro. per. filed a petition for resentencing under section 1172.6. In his petition, among others, he checked the box stating he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019, and requested appointment of counsel. The People filed opposition to defendant's petition for resentencing. The People argued defendant was ineligible for resentencing as a matter of law because he was the actual killer and was not convicted of felony murder, murder under the natural and probable consequences

4

doctrine or any other theory under which malice is imputed. In support, the People attached the information, the jury instructions, verdicts and findings, and this court's prior opinion in case No. E048092. Defendant thereafter filed a reply to the People's opposition.

The trial court subsequently appointed counsel for defendant, and counsel filed a prima facie brief.

A hearing to determine defendant's eligibility for resentencing was held on December 8, 2023. At that time, the prosecutor requested the petition be denied, arguing, in pertinent part: "Defendant is seeking resentencing pursuant to . . . [section] 1172.6. . . . [¶] That section is limited to individuals who were convicted of murder under either a natural and probable consequences felony murder or other theory upon which malice can be imputed to the defendant. [¶] None of those theories were available in defendant's case. He was convicted as the sole actual shooter. The jury made findings showing that he acted alone. [T]he jury made findings that he acted with an intent to kill in finding willful, deliberate, premeditated. [¶] It's the People's position that he does not fall within the class of defendants who is eligible for relief under this section. Therefore, he cannot make a prima facia showing that he's entitled to an evidentiary hearing and his petition should be denied."

After defense counsel indicated she had no response and submitted, the trial court denied the petition. The court explained its reasoning as follows: "Having reviewed [defense counsel]'s papers, the initial application filed by [defendant] in a self-

5

represented state, my review of the jury instructions and the minutes reflect that there was not a natural and probable consequence theory. There was not a felony murder theory. This was an alleged gang shooting. [¶] The Court has no independent memory of this case whatsoever even after I reviewed the appellate opinion. Even if I did have an independent recollection, I would set that aside. [¶] There is -- there are jury instructions in the file that show I instructed the jury on willful, deliberate and premeditated and personal use of a firearm in this particular case. The record also has copies of the verdicts in this case reflecting that he was found guilty under a willful, deliberate and premeditated theory as well as personal use of a firearm. [¶] As such, under [section] 1170.95, which has now morphed into [section] 1172.6, the defendant was an actual willful, deliberate and premeditated murderer and is not entitled to the requested relief. [¶] The defense application that this Court issue an order that there's a prima facia showing is denied." Defendant timely appealed.

## III.

## DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable

6

issues.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Without any supporting evidence, defendant argues his trial and appellate attorneys rendered ineffective assistance, his trial was unfair due to racial discrimination and bias, his sentence was prohibited due to imposing sentences on both the gun use and gang enhancements, the prosecutor committed misconduct by intercepting his case file and lying about it, and his sentence is invalid.

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . , Senate Bill [No.] 1437 added [former] section 1170.95, [now section 1172.6,] which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) In *Lewis*, our Supreme Court held, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

Under *Delgadillo*, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to

7

evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid.* ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

Defendant's claims related to his trial are not cognizable in section 1172.6 proceedings. Courts have consistently found that section 1172.6 is not a vehicle to relitigate trial errors or issues already decided. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition does not afford petitioner new opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].) Resentencing proceedings under the statute involve "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding." (*People v. Strong* (2022) 13 Cal.5th 698, 713-714.) The jury here found that defendant had the intent to commit first degree murder with malice aforethought or the intent to kill.

Moreover, the trial court properly denied defendant's resentencing petition for failure to make a prima facie showing of entitlement to relief under section 1172.6 and did not error in not issuing an order to show cause. It is well settled that section 1172.6

8

precludes relief as a matter of law where the record of conviction shows a defendant was the sole perpetrator and actual killer. In *Delgadillo*, for example, our Supreme Court determined that the defendant was "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233; see also *People v. Garcia* (2022) 82 Cal.App.5th 956, 969 [affirming denial of resentencing because the record of conviction "unequivocally establishes" the defendant was the sole perpetrator and the actual killer]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48 [petition for resentencing may be summarily denied when, without factfinding, weighing conflicting evidence, or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined the defendant was the actual killer].)

Here, the trial court examined the motions filed by the parties, the jury instructions, the jury verdicts and findings, and defendant's record of conviction and determined, without finding facts or relying on our prior appellate opinion, that the jury necessarily found defendant was the actual killer. We have reviewed the jury instructions and reach the same conclusion. The jury here was not instructed on aiding and abetting, felony murder, natural and probable consequences, or any other theory by which malice could be imputed to defendant. Rather, as the trial court noted, the jury found defendant guilty under a willful, deliberate and premeditated theory as the sole perpetrator. As the actual killer, defendant is not entitled to relief as a matter of law. (§ 1172.6; *Delgadillo*, *supra*, 14 Cal.5th at p. 233.) To be eligible for relief under section 1172.6, the petitioner

9

must make a prima facie showing that he or she "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)  Defendant cannot make this showing.

The trial court correctly denied defendant's section 1172.6 petition for resentencing.  The entirety of the record reflects defendant was ineligible for relief under section 1172.6 as a matter of law, and defense counsel was aware that defendant could not raise evidentiary claims of trial error in his section 1176 petition.  An attorney is not ineffective for failing to raise meritless objections or motions.  (*People v. Lucero* (2000) 23 Cal.4th 692, 732.)  The record refutes defendant's claims of ineffective assistance. There is no evidence counsel acted out of spite in handling his case.

In light of our conclusion that the superior court correctly determined that defendant is ineligible for relief under section 1172.6 as a matter of law, defendant cannot establish prejudice based on his claim of defective representation by appellate counsel.  In considering a claim of ineffective assistance of counsel, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  (*Strickland v. Washington* (1984) 466 U.S. 668, 697; *People v. Thompson* (2016) 1 Cal.5th 1043, 1101; *In re Crew* (2011) 52 Cal.4th 126, 150 ["[i]f a claim of ineffective assistance of counsel can be determined on

the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient"].)

Furthermore, an appellate counsel does not commit ineffective assistance by filing a *Wende*/*Delgadillo* brief since "the appellate court . . . review[s] the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) As previously explained, the California Supreme Court held in *Delgadillo* that "[w]hen appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] . . . While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Id.* at p. 232.)

In this appeal, defendant responded to this court's *Delgadillo* order and filed a supplemental brief. We have addressed the issues raised in defendant's supplemental

brief and, in an abundance of caution, exercised our discretion to conduct our own independent review of the record. There are no arguable issues, and defendant was ineligible for resentencing as a matter of law as to his first degree murder conviction.

## IV.

## DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.


MILLER
J.